# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**BETTY J. JOHNSON,** *et al.*,

    Plaintiffs

v.     Case No.: RWT 10cv1144

**BANK OF AMERICA, N.A.,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

The Complaint must be dismissed for failure to comply with the basic pleading requirements of the Federal Rules of Civil Procedure.

## BACKGROUND

On or about March 22, 2010, Plaintiffs Betty J. Johnson and Clarence Johnson filed a Complaint against Defendants Michael E. Robles, Bank of America, N.A. ("BOA"), and Allen P Feigelson in the Circuit Court for Prince George's County, Maryland. Compl., ECF No. 2. The Complaint reads in its entirety as follows:

> Prose Betty J. Johnson has obtained Clarence E. Johnson's credit report that will prove that Bank of America has falsified this loan with a charged off account that has been paid off and satisfied by plaintiff. Prose plaintiff further states that this is defamation of a private individual, in defamation action by plaintiffs who are not public officials or public figures, that is private individuals constitutional consideration have an impact. The elements of a cause of action for defamation by a private individual plaintiff are a defamatory communication. A statement tending to expose one to the public scorn, hatred, contempt or ridicule, and communication to a third person who reasonably recognizes the statements as been defamatory provable, falsity fault by an actual malice standard. Knowledge of the falsity of the Statement and harm (Haskins Vs. Bayles, quoting Samuels Tschechlelin Vs. Volkswagon, Inc. and Centrix Financial LLC civil no. FM04-2954) In Jacron, the court of appeals held Gertz to apply to private

> individuals regardless of public or general interest. The court further held that Gertz applies to both media and non media defendants and to both Libel and Slander Prose Plaintiff is asking for money damages of $125,000,000.00 (One hundred twenty five million dollars) with a jury trial. (See attachment exhibits)

Compl. at 1-2 (errors in original).

On May 7, 2010, Defendant Robles removed the case to this Court. Def. Robles's Notice of Removal, ECF No. 1. In the Notice of Removal, Defendant Robles argues that Defendant Feigelson should not be considered in determining diversity jurisdiction because he is identified in the caption of the Complaint only for purposes of service of process on BOA and is therefore a nominal defendant. Def. Robles's Notice of Removal at 1 n.1; *see also* Def. Robles's Statement Concerning Removal at 1 n.1, ECF No. 14; Def. Robles's Mot. Dismiss at 1 n.1, ECF No. 9.

Each of the Defendants has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 10(b), 11(b), 12(b)(2), and/or 12(b)(6).[1] ECF Nos. 9, 16, 22. Plaintiffs have filed various documents with the Court, including (i) correspondence providing additional information to supplement the Complaint, ECF Nos. 15, 19; (ii) a "Motion for non-dismissal and motion for a hearing," ECF No. 20; (iii) a "Motion for a hearing," attaching various documents, ECF No. 24; and (iv) a two-page letter addressed to the undersigned purporting to address the merits of the case, ECF No. 26.

## STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[1] On June 21, 2010, Defendant Feigelson withdrew his Motion to Strike Service of Process of Bank of America, the bank having authorized Feigelson to accept service of process on its behalf. *See* ECF Nos. 18, 21.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## **ANALYSIS**

The Complaint is, at best, difficult to understand. It is devoid of any factual allegations which would support a claim for defamation, or any other cause of action, and utterly fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. Even accepting as true all of the allegations contained in the Complaint and liberally construing Plaintiffs' various *pro se* filings, Plaintiffs nevertheless fail to state a claim for relief. Because the Complaint is lacking in form and substance, all claims must be dismissed.

## **CONCLUSION**

Upon review of the pleadings, exhibits, and case law, the Court finds that a hearing is unnecessary. L.R. 105.6. The Court, by separate Order, will dismiss the Complaint without prejudice. Plaintiffs will be granted leave to file an amended complaint on or before September 30, 2010 which (i) complies with the Federal Rules of Civil Procedure; (ii) clearly indicates whether Feigelson is a defendant and why; and (iii) if Feigelson is a defendant, sets forth the grounds for this Court's jurisdiction, it appearing that Feigelson may be a citizen of Maryland.

August 26, 2010             /s/
Date             Roger W. Titus
            United States District Judge