**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **BETTY J. JOHNSON**, *et al.* | * |
| Plaintiffs, | * |
| v. | * CIVIL ACTION NO. RWT-10-01144 |
| **BANK OF AMERICA, N.A.,** *et al.* | * |
| Defendants. | * |

## MEMORANDUM OPINION

On or about March 22, 2010, Plaintiffs Betty J. Johnson and Clarence Johnson filed a Complaint against Defendants Michael E. Robles, Bank of America, N.A. ("BOA"), and Allan P. Feigelson in the Circuit Court for Prince George's County, Maryland, apparently asserting a claim for defamation. (Compl., ECF No. 2.) On May 7, 2010, Defendant Robles removed the case to this Court. (Def. Robles's Notice of Removal, ECF No. 1.) In the Notice of Removal, Defendant Robles argued that Defendant Feigelson should not be considered in determining diversity jurisdiction because he is identified in the caption of the Complaint only for purposes of service of process on BOA and is therefore a nominal defendant. (Def. Robles's Notice of Removal at 1 n.1; *see also* Def. Robles's Statement Concerning Removal at 1 n.1, ECF No. 14; Def. Robles's Mot. Dismiss at 1 n.1, ECF No. 9.)

Each of the Defendants then filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a), 10(b), 11(b), 12(b)(2), and/or 12(b)(6). (ECF Nos. 9, 16, 22.) Plaintiffs then filed various documents with the Court, including (i) correspondence providing additional information to supplement the Complaint, ECF Nos. 15, 19; (ii) a "Motion for non-dismissal and motion for a hearing," ECF No. 20; (iii) a "Motion for a hearing," attaching various documents, ECF No. 24; and

(iv) a two-page letter addressed to the undersigned purporting to address the merits of the case, ECF No. 26.

The Court issued a Memorandum Opinion on August 26th, 2010, in which the Court held that, even construing Plaintiffs' *pro se* filing liberally, the Complaint was "devoid of any factual allegations which would support a claim for defamation, or any other cause of action, and utterly fails to comply with the pleading requirements of the Federal Rules of Civil Procedure." (ECF No. 27.) The Court issued an Order that, among other things, dismissed the Complaint without prejudice and granted Plaintiffs leave to file an amended complaint "which (i) complies with the Federal Rules of Civil Procedure; (ii) clearly indicates whether Feigelson is a defendant and why; and (iii) if Feigelson is a defendant, sets forth the grounds for this Court's jurisdiction, it appearing that Feigelson may be a citizen of Maryland." (ECF No. 28.)

Plaintiffs did not file an amended complaint, but rather submitted a document entitled "Prose [sic] Plaintiff Betty Johnson's reasons why Allen [sic] P. Feigelson should be considered a defendant and why," attaching various documents. (ECF No. 29.) In this document, Plaintiffs clearly assert a claim for defamation against Defendant Feigelson individually and not merely in his role as a person authorized to accept service of process for BOA.

## ANALYSIS

This Court is required to remand a case that has been removed from state court "[i]f at any time before final judgment it appears that [this Court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- citizens of different States . . . ." However, "a federal court must

2

disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980).

When the basis for removal is diversity of citizenship, "removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought.'" *Lincoln Property Co. v. Roche*, 546 U.S. 81, 83-84 (2005) (*quoting* 28 U.S.C. § 1441(b)). The Court must "strictly construe" the removal statute and resolve all doubts in favor of remanding the case to state court because a federal court's interference with matters properly before a state court "raises significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Because Plaintiffs appear to be citizens of Maryland and brought suit in a Maryland state court, removal is proper only if no defendant is also a citizen of Maryland. Defendant Feigelson appears to be a citizen of Maryland. (*See* Def. Feigelson's Resp., ECF No. 30.) Therefore, the case must be remanded unless Defendant Feigelson is merely a nominal defendant rather than a real party to the controversy.

As Defendant Robles indicated in his Statement Concerning Removal, Plaintiffs' original Complaint does not mention Defendant Feigelson or any actions he is alleged to have committed in the body of the Complaint. (Def. Robles's Statement Concerning Removal at 1 n.1, ECF No. 14; Compl., ECF No. 2.) However, Plaintiffs' attempt at an amended complaint clearly indicates that they are asserting a claim against Defendant Feigelson in his individual capacity for defamation. Therefore, Defendant Feigelson is not a nominal party, but rather is a real party to the controversy. As a result, the court lacks jurisdiction and the case must be remanded due to lack of diversity of citizenship. Though it is not clear to this Court if Plaintiffs have or will be able to assert any viable

3

claims, having determined that this Court lacks subject matter jurisdiction, questions going to the merits of Plaintiffs' claims must be addressed by the state court.

## **CONCLUSION**

For the aforementioned reasons, this case shall be remanded to the Circuit Court for Prince George's County, Maryland by separate order.


Date: October 14, 2010              /s/
                       ROGER W. TITUS
                       UNITED STATES DISTRICT JUDGE